IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **NEELAM R. MEHRA**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14 C 6715 |
| | ) |
| **LAW OFFICE OF KEITH S. SHINDLER, LTD.**, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

On September 4, 2014 this Court issued a sua sponte memorandum order ("Order") that dismissed the Complaint in this action as barred by the on-all-fours decision in Newsom v. Friedman, 76 F. 3d 813 (7th Cir. 1996) -- a decision that rejected a claim essentially identical to that advanced in this action. Indeed, the Order was critical of counsel for plaintiff Neelam Mehra ("Mehra") for having been unaware of the Newsom decision, which this Court's quick reference to the volume of U.S.C.A. that included the annotated statute at issue in this case (15 U.S.C. § 1692i(a)(2) ("Section 1692i(a)(2)") found (as the Order said) in less than a minute.

But it turns out that the Order's criticism of counsel was totally unwarranted -- indeed, any criticism by this Court should instead have been directed inward: Just two months ago our Court of Appeals, sitting en banc, issued its split decision in Suesz v. Med-1 Solutions, LLC, 757 F.3d 636 (7th Cir. 2014), in which a substantial majority of the court voted to overrule Newsom. So the first order of business for this memorandum order is to apologize to Mehra's counsel,[1]

---

[1] Not as an excuse but rather by way of explanation, it should be said that for nearly its entire tenure of over three decades on the bench this Court made it its business to read every

(continued)

who has called that lapse to this Court's attention by noticing up a motion to vacate the Order for presentment on September 16.

There is no need for Mehra's counsel (or for defense counsel) to appear for that purpose, for the motion is obviously appropriate and is granted. It may be noted, of course, that Mehra's Complaint has spoken only of Section 1692i(a)(2)(B) -- the location of Mehra's residence -- but it has not identified where Mehra "signed the contract sued upon" (Section 1692i(a)(2)(A)), which the statute makes an equally permissible choice of venue. It remains to be seen whether that location is relevant and could make a difference, but that is for the future.

In the meantime this action will go forward. This Court is contemporaneously issuing its customary initial scheduling order and sets an initial status hearing for 9 a.m. November 3, 2014.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 11, 2014

---

(footnote continued)
week's batch of slip opinions issued by our Court of Appeals within one or two days after delivery of the weekly packet. In an effort to economize (and perhaps to cater to the current generation of judges, who prefer to court future eye problems by reading opinions and other documents on their computer screens rather than in hard copy), the Court of Appeals abandoned that weekly distribution practice not too long ago, and this Court ceased to perform its weekly routine of opinion reading because it was no longer provided with grist for the mill. This is the first unfortunate occasion on which that change in this Court's practice has resulted in whatever term might stand for the opposite of serendipity.